ORIGINAL

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 MAY -2 A 10: 22

CLERK
        OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER JONES,

    Petitioner,

vs.

J. VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO. CV205-017

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Walter Jones ("Jones"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Petitioner has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Jones was convicted on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C.A. § 846, after a jury trial in the Middle District of Florida. On January 7, 2000, Jones was sentenced to 175 months' imprisonment. Jones filed a direct appeal and raised a Sixth Amendment violation claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eleventh Circuit Court of Appeals affirmed Jones' sentence and conviction. United States v. Jones, 273 F.3d 1119 (11th Cir. 2001) (Table). Jones filed a 28 U.S.C.A. § 2255 motion on October 25, 2000, and asserted that the trial court lacked jurisdiction to

AO 72A
(Rev. 8/82)

sentence him based on an amount of drugs which were not included in the indictment. The Middle District of Florida denied his motion on November 18, 2002, as well as two Motions for Reconsideration on December 10, 2002, and January 31, 2003. (Crim. Dkt., Doc. Nos. 158 and 160.) Jones also filed a Rule 60(b)(6) motion, which the Middle District of Florida denied on September 12, 2003. Jones filed two more Rule 60(b)(6) motions. The Middle District of Florida denied these motions on October 2 and 24, 2003. (Crim. Dkt., Doc. Nos. 178 and 180.)

Jones, in the instant petition, asserts that he is entitled to use the savings clause of section 2255. Jones specifically asserts that <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and <u>Booker v. United States</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), are intervening changes in law which are retroactively applicable to his case and that he was convicted of a nonexistent offense. Jones contends that <u>Booker</u> and its companion case <u>United States v. Fanfan</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), are merely applications of <u>Blakely</u>, which in turn is merely an application of <u>Apprendi</u>. Jones alleges that even though these cases have not been made retroactively applicable to cases on collateral review, he is entitled to retroactive application of these decisions because he raised an <u>Apprendi</u> claim on direct appeal. Jones also alleges that his conviction was not yet final within the meaning of the AEDPA when <u>Apprendi</u> was decided and because <u>Blakely</u>, <u>Booker</u>, and <u>Fanfan</u> are merely applications of <u>Apprendi</u>, this court should consider the merits of his claims and has a duty to grant his requested relief. Jones avers that his indictment did not refer to a specific drug quantity and the jury was not given any instructions on drug quantity. Jones contends that the jury convicted him of a drug offense with an unspecified quantity, and, accordingly, he should

2

have been sentenced at an offense level of 12 instead of the improperly enhanced sentence based on an offense level of 36. Jones also contends that he is actually innocent of the crime for which he was convicted and to allow his sentence to stand represents a fundamental miscarriage of justice.

Respondent avers that Jones' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Jones has not shown that he in entitled to use section 2255's savings clause. Second, Respondent contends that although <u>Blakely</u> applies to the federal sentencing guidelines, neither <u>Blakely</u> nor <u>Booker</u> applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §

3

2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Jones has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because he "has already filed this issue on direct appeal as well as in a motion pursuant to § 2255 and . . . was denied relief because at the time Circuit law prevented the requested relief." (Pet'r's Br., p. 5.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Jones largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely[2] and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Jones was sentenced in the Middle District of Florida on January 13, 2000. Blakely was decided on June 24, 2004, and Booker and Fanfan were decided on January 12, 2005. Despite his contentions to the contrary, to allow Jones to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)).

---

[2] In Blakely, the Supreme Court "revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed.2d 435 (2000), which held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proved beyond a reasonable doubt.'" In re Dean, 375 F.3d 1287, 1289 (11th Cir. 2004) (quoting Blakely, ___ U.S. at ___, 124 S. Ct. at 2536) (emphasis added). Jones has not demonstrated that he was sentenced beyond the statutory maximum penalty for his offense.

5

In addition, Jones filed an appeal, a previous section 2255 motion, and several Rule 60(b) motions. Jones asserts that he raised the same claims on appeal and in his section 2255 motion as he does in the instant petition. Simply because the courts having jurisdiction in those previously filed matters rejected Jones' claims does not render section 2255's remedy inadequate or ineffective. Jones has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. His assertion that the courts misapplied the law on these previous occasions is unavailing, as is the fact that he has raised the same claims under Apprendi on these prior occasions. Jones also fails to show that *any* decision of the Supreme Court has made a violation of 21 U.S.C.A. § 846 a nonexistent offense such that his conviction and sentence under this statute would be no longer valid. Furthermore, Jones undermines his own contentions by emphasizing the fact that Apprendi and its progeny do not allow a sentence *beyond the statutory maximum.* He has not shown that the Middle District of Florida court sentenced him beyond the statutory maximum, which is the same thing the Eleventh Circuit told him on direct appeal and the Middle District of Florida told him on prior occasions. (See Crim. Dkt., Doc. No. 154.)

Jones cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Jones is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

6

to Dismiss (Doc. No. 4) be **GRANTED**, and Jones' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

JONES )
)
vs ) CASE NUMBER CV205-17
VAZQUEZ )
) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/2/05, which is part of the official record of this case.

Date of Mailing: 5/2/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Lee Copeland
Walter Jones, 23677-018, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate